USCA1 Opinion

 

 May 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2174 UNITED STATES, Appellee, v. MARTIN CASTILLO-SORIANO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Thomas R. Lincoln on brief for appellant. _________________ Guillermo Gil, United States Attorney, Juan A. Pedrosa, Assistant _____________ _______________ United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation _______________________ Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Martin Castillo- __________ Soriano appeals from the imposition of sentence. He argues that his sixty-month sentence coincides with the statutory mandatory minimum sentence for his offense, and that the district court erred in failing to find that he is eligible, pursuant to 18 U.S.C. 3553(f) and U.S.S.G. 5C1.2, for a lesser sentence within his guideline sentencing range of 57 - 71 months. We disagree. As we read the record, the district court was willing to assume its authority to impose a lesser sentence but determined that a sixty-month sentence was appropriate given the statutory factors of deterrence and just punishment. See 18 U.S.C. 3553(a). Under the ___ circumstances, the sentence imposed was a legitimate exercise of the district court's discretion and is unreviewable. See ___ United States v. Panet-Collazo, 960 F.2d 256, 261 (1st Cir.), _____________ _____________ cert. denied, 113 S. Ct. 220 (1992) (observing that appellate ____________ court lacks jurisdiction to review a sentence within the applicable guideline sentencing range). Accordingly, the appeal is dismissed for lack of jurisdiction. See Loc. R. ___ 27.1.